IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN CAHILL COOKER | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-2667 |
| | : | |
| MEADOWOOD CORPORATION | : | |

## MEMORANDUM

McHugh, J.                                                                                          November 8, 2021

      This is an action arising out of the death of an elderly nursing home patient brought by an adult daughter seeking to assert a direct claim for damages arising out of her father's care, and a claim for negligent infliction of emotional distress. In a previous memorandum opinion, ECF 23, I granted Defendant nursing home's motion to dismiss, dismissing most of the claims with prejudice, but allowing Plaintiff the opportunity to file an amended complaint if she could state a claim for negligent infliction of emotional distress within the two-day window not barred by the statute of limitations. Plaintiff returns with an amended complaint prompting another motion to dismiss, which I will grant, now dismissing the case with prejudice.

      In my previous opinion, I outlined the contours for a claim alleging negligent infliction of emotional distress under Pennsylvania law. As previously stated, in a medical negligence action, a family member asserting a claim for bystander liability must allege a discrete and identifiable event where they contemporaneously observe a negligent event giving rise to a traumatic injury. Plaintiff's amended complaint fails to do so.

      There is no question that at various points Plaintiff was present at the nursing home when physicians or other medical personnel administered morphine and other drugs to her father against

Plaintiff's wishes.[1] There is likewise no question that Plaintiff vehemently disagreed with the use of these medications and characterizes their administration as "traumatic" (ECF 25 at 8) and having "horrifying effects." (ECF 25 at 9). But at no point does Plaintiff plead specific facts that set forth the elements of a claim within the brief window available to her. Most importantly, as was true with her original complaint, Plaintiff does not plead that she was present at the time of her father's death, let alone that there was any discrete event on either June 10 or 11 which she contemporaneously observed causing his death. To the contrary, both complaints paint a picture of ongoing care to which Plaintiff objected, that, in her opinion, had the cumulative result of causing his death. These facts do not give rise to a claim under Pennsylvania law, as Plaintiff herself seems to recognize by her artful use of language that sidesteps the specific facts required.

Plaintiff is proceeding pro se and is entitled to some degree of latitude, but shows great sophistication in both her understanding of legal concepts and her use of language. My previous memorandum precisely delineated what must be pleaded to state a claim, yet the amended complaint fails to address the core elements. This raises an inference of bad faith, and also prejudice to defendant in having to continue litigating a case where there appears to be no cause of action. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."). The motion to dismiss will therefore be granted and the complaint dismissed with prejudice.

   /s/ Gerald Austin McHugh
United States District Judge

---

[1] As set forth in my earlier memorandum, Plaintiff pleads that the physicians involved considered the operative power of attorney to be one that appointed the decedent's sons as medical decision-makers.